```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

**TERRY BERRY,**

    **Plaintiff,**

                        **CASE NO. 8:09-cv-00772-T-17**

**v.**

**TAMPA SPORTSERVICE, INC.**

    **Defendant.**

_____/

## ORDER ON MOTION TO REMAND

THIS CAUSE comes before the Court pursuant to Plaintiff, Terry Berry's, Motion to Remand (Doc. 5) filed on April 28, 2009, and Defendant, Tampa Sportservice, Inc.'s, Response in Opposition to Plaintiff's Motion to Remand (Doc. 7) filed on May 14, 2009. After carefully considering the motions, record, and applicable law, the Plaintiff's Motion to Remand is **DENIED** as to all counts except Count I, the Plaintiff's claim under Florida's Workers' Compensation Act, for the reasons set forth below.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff, Terry Berry, initially filed this action in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, asserting a claim of retaliatory discharge in violation of the Florida Worker's Compensation Law, Fla. Stat. §440.205. On March 31, 2009, Plaintiff filed an amended five-count complaint, wherein he added claims of discrimination and retaliation under the Florida Civil Rights Act

of 1992 ("FCRA"), Fla. Stat. 760.10 et seq.; the Civil Rights Act of 1986 ("Section 1981"), 42 U.S.C. §1981; and violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601, et seq. (Doc. 2). On April 23, 2009, the Defendant filed a timely Notice of Removal from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to federal court in the Middle District of Florida due to the presence of federal question jurisdiction. (Doc. 1).

## **STANDARD OF REVIEW**

In cases where federal jurisdiction arises as a result of a federal question, the question must be disclosed upon the face of the complaint. Since the well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint, the Plaintiff effectively becomes master of his complaint with the ability to choose federal or state court as his jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, removal of a civil case from state to federal court can be effected by a defendant pursuant to 28 U.S.C. §1441 (a).[1] On a motion to remand, the defendant seeking removal bears the burden of proving that a federal district court has jurisdiction. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Because federal courts are courts of

---

[1] Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district and division embracing the place where such action is pending. For purposes or removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

limited jurisdiction, a presumption exists against federal jurisdiction. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Thus, all uncertainties as to removal jurisdiction are to be solved in favor of remand. *Id*. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over the removed case, it must remedy the improvident grant of removal by remanding the case to state court. *See* 28 U.S.C. §1447(c).

It is also well-settled that the burden is on the party seeking to preserve the district court's removal jurisdiction (here, Defendant), not the party moving for remand to state court (here, Plaintiff), to show that the requirements for removal have been met.

## **DISCUSSION**

Plaintiff seeks to remand the entire action to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, pursuant to 28 U.S.C. §§1445 (c) and 1447 (c). This Court agrees with the Plaintiff's argument that the Worker's Compensation Retaliation claim brought pursuant to §440.205, Florida Statutes, is not removable and should be remanded. However, this Court disagrees with the Plaintiff's argument that the remaining claims also be remanded due to the allegations that they are not separate and independent and, therefore, do arise out of a common transaction.

A. Worker's Compensation Retaliation Claim (§440.205)

Plaintiff alleges that his employment was terminated by Defendant as a result of engaging in protected activity under Florida's Worker's Compensation Act. Under Section 440.205 of Florida's Worker's Compensation Act:

> No employer shall threaten to discharge, intimidate or coerce any employee by reason of such employee's valid claim for compensation or an attempt to claim compensation under the Worker's Compensation Law.

(Fla. Stat. §440.205).

The argument may have been made that this claim could have been brought in federal court under supplemental jurisdiction,[2] due to the presence of Federal Question claims (section 1981 and FMLA). However pursuant to 28 U.S.C. §1445 (c), "[a] civil action in any State court arising under the Worker's Compensation laws of such State may not be removed to any district court of the United States". Although the Eleventh Circuit has not explicitly ruled as to whether a Worker's Compensation retaliation claim under 440.205 is a claim that "arises under" the States Worker's Compensation laws, in *Reed v. Heil. Co.*, 206 F.3d 1055, 1059-60 (11th Cir. 2000), the United States Court of Appeals for this Circuit held that retaliatory discharge claims in Alabama arise under that state's Worker's Compensation laws. Accordingly, this Court finds that a case "arises under" a state's Worker's

---

[2] Section 1367 (a): "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Compensation laws within the meaning of §1445 (c) .. . if a well pleaded complaint establishes either that the state's worker's compensation laws create the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of the state's Worker's Compensation laws." *Empire Healthchoice Assurance, Inc. v. McViegh*, 547 U.S. 677, 689-690 (2006).

While the claim before this Court does involve a substantial question of the State Worker's Compensation laws, since the Plaintiff alleges that he was engaged in an activity protected by the Florida's Workers' Compensation Act, the Plaintiff argues that the entire case be remanded since all the claims allegedly share a common set of facts. This Court takes the contrary stance since the claims involve facts that are separate and independent, hence affecting more than a single wrong. The non-workers' compensation claims require proof of different facts from different periods of time.

B. Severing and Retaining the Section 1981, FCRA, and FMLA claims

Determining whether §1445(c) requires remand of the entire action is contingent upon whether the Court finds that the claims arise from separate and independent incidents. In disagreement with the Plaintiff's broad assertion that the claims are related merely because they all involve the Plaintiff's employment with the Defendant, this Court utilizes its discretion to find that

severing and remanding the non-removable Worker's Compensation claim while retaining the remaining claims is warranted,[3] in this instance, since the claims arise from more than a "single wrong" and thus do not concern a common transaction.

In his complaint, Plaintiff based his Worker's compensation claim on the fact that he was terminated for engaging in protected activity in accordance with Florida's Worker's Compensation Act. (Doc. 1). This Worker's Compensation retaliation claim concerns the time period surrounding September 22, 2008 which is when the Plaintiff sustained the work related injury. *Id*. During this time period, approximately a month after the injury, the Plaintiff alleges that he was terminated in retaliation for filing a Worker's Compensation claim. The Court finds it difficult to believe that the facts surrounding that claim share a common nucleus with the facts surrounding the Plaintiff's FMLA, Section 1981, and FCRA claims.

First, the Plaintiff's FMLA claims concern Defendant's alleged refusal to grant Plaintiff's request for medical leave and subsequent termination of employment. Contrary to the Plaintiff's Worker's Compensation claim, the events surrounding the FMLA claims formed the basis for separate allegations and occurred during the time period of in or around November 2007. However, the Plaintiff alleges through the Worker's Compensation

---

[3] Section 1441 (c): "Whenever a SEPARATE and INDEPENDENT claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case MAY be removed and the district court MAY determine all issues therein, or, in its discretion, MAY remand all matters in which State law predominates.

retaliation claim that Defendant interfered with Plaintiff receiving FMLA benefits and retaliated against Plaintiff for exercising his Worker's Compensation rights some time after being injured on the job on or about September 22, 2008. These incidents are far removed from those concerning the Plaintiff's FMLA interference and retaliation claims which are based on incidents dating back to November 2007.

Second the Section 1981 and the corresponding FCRA claims, which have been granted Federal jurisdiction due to Supplemental Jurisdiction, concern facts that are markedly different from those surrounding the Worker's Compensation claim. Unlike the Worker's Compensation retaliation claim, which occurred after the injury in September 2008, Plaintiff bases his Section 1981 and FCRA claims on facts dating as far back as December 2002. It is during that 2002 time period that Plaintiff began alleging disparate treatment due to his identity as an African American. Moreover, Plaintiff alleges that he filed multiple internal and external complaints over the entire course of his employment but brings up the Worker's Compensation issue only after suffering a work-related injury in September 2008.

Federal Courts have the discretion to hear or remand an entire case, with their interpretation favoring remand more than not. The Court, in this case, finds that the question of whether the claims are separate and independent aids the Court to determine if the case should be severed into its non-removable

parts. The Court, in this instance, concludes that the federal claims and their supplemental jurisdiction counterpart should be severed from the State law Worker's Compensation claim since they concern separate and independent facts. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **DENIED** as to all counts except Count I. The clerk of court is instructed to remand Count I to the Thirteenth Judicial Circuit in and for Hillsborough County and retain all other counts as appearing properly before this court.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 2nd day of July 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.